**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERTO ESTRADA JIMENEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | )  Civil A. No. 3:26-973 |
| MARKWAYNE MULLIN, *et al.*, | )  Judge Nora Barry Fischer |
| | ) |
| Respondents. | ) |

## MEMORANDUM ORDER

Presently before the Court is a *pro se* Petition for Writ of Habeas Corpus ("Petition") (Docket No. 4) filed by Roberto Estrada Jimenez ("Petitioner") and the Response to Petition for Writ of Habeas Corpus filed by Respondents (Docket No. 8). Any reply by Petitioner was due by June 22, 2026, but the Court has not received a Reply as of the date of this Memorandum Order. (*See* Docket No. 5). After careful consideration of the parties' positions, the Court will deny the Petition, without prejudice.

Petitioner "is a native and citizen of Cuba" and "entered the United States without inspection on an unknown date." (Docket No. 8 at 2). During an encounter with Immigration and Customs Enforcement ("ICE") in Georgia on February 27, 2023, Petitioner was issued a Notice to Appear ("NTA") stating that he is inadmissible because "he entered without inspection and permission and without valid visa documents." (*Id.;* Docket No. 8-1 at 2). This NTA also stated when and where Petitioner must report for his immigration court hearing. (Docket No. 8-1 at 2).

Petitioner failed to appear for his court hearing on October 27, 2023, so the immigration judge ordered him removed to Cuba that same day. (Docket Nos. 8 at 2; 8-2 at 2-3). Petitioner then filed a timely motion to reopen before the immigration judge, which was denied on February 14, 2024, and he subsequently appealed this denial to the Board of Immigration Appeals ("BIA")

- 1 -

on March 12, 2024.  (Docket Nos. 8 at 2; 8-3; 8-4).  This appeal to the BIA appears to still be pending, and Petitioner's removal has been stayed by the BIA pending its resolution.  (*Id.*). Petitioner also has a pending Form I-130, Petition for Alien Relative.  (Docket No. 4 at 4).

On November 5, 2025, Petitioner was arrested by ICE agents and taken into immigration custody.  (Docket No. 4 *at* 4).  He is currently detained at the Moshannon Valley Processing Center.  (*Id.* at 1).

Petitioner claims that his "detention has become unconstitutionally prolonged and violates the [F]ifth [A]mendment of the [C]onstitution[.]" (*Id.* at 6).  He alleges that he has "nobody in [his] country", that all of his family is in the United States, and that he does not want to leave his wife, sons, and 92-year-old mother "alone here in this country[.]"  (*Id.* at 7).  He also states that his family is affected by his lengthy detention because they depend on him for financial support.  (*Id.* at 6).

As for relief, Petitioner requests that the Court "order [his] immediate release from deten[t]ion, or, in the alternative, order a bond hearing at which the government must prove by clear and convincing evidence that [his] continued detention is necessary."  (*Id.* at 7).

Respondents counter that Petitioner "is properly detained under 8 U.S.C. § 1231, pending his removal" and that his continued detention remains "reasonable under the Due Process Clause and the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001)."  (Docket No. 8 at 1).  In particular, Respondents argue that Petitioner has not yet met "his burden of providing 'good reason' to think there is 'no significant likelihood of removal in the reasonably foreseeable future[.]'"  (*Id.* at 4 (quoting *Zadvydas*)).

In *Zadvydas,* the Supreme Court established that a 6-month period of post-removal order detention was presumptively reasonable.  *Zadvydas*, 533 U.S. at 701.  It is only "[a]fter this 6–

month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." (*Id.*). However, the Supreme Court clarified that "this 6–month presumption, of course, does not mean that every alien not removed must be released after six months." (*Id.*). Rather, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." (*Id.*).

At the time of this writing, Petitioner has been detained under § 1231 for over 8 months, which is "outside the presumptively reasonable period, and, thus, *Zadvydas* applies." *See De Armas v. Oddo*, No. 3:26-cv-00134, 2026 WL 1815864, at *4 (W.D. Pa. June 24, 2026). The Court agrees with Respondents, however, that Petitioner has not met his burden of providing "good reason" to think there is "no significant likelihood of [his] removal in the reasonably foreseeable future[.]" (*See* Docket No. 8 at 4 (quoting *Zadvydas*)).

To that end, Petitioner fails to allege any facts at all in his Petition regarding the unlikelihood of his removal to Cuba in the reasonably foreseeable future. (*See generally* Docket No. 4; *c.f. De Armas,* 2026 WL 1815864, at *5 (holding that the Cuban petitioner had met his burden under *Zadvydas* by showing that he had no travel documents, no consular interview, and no return flight scheduled to the third-party country); *Pan v. Oddo,* No. 3:25-CV-00265, 2025 WL 3960013, at *4 (W.D. Pa. Dec. 1, 2025), *report and recommendation adopted*, No. 3:25-CV-265, 2025 WL 3701296 (W.D. Pa. Dec. 21, 2025) (holding that the Chinese petitioner had met his burden under *Zadvydas* by presenting evidence that he lacks a Chinese birth certificate and that China is reluctant to accept repatriation of its citizens)). Instead, Petitioner merely points to his length of detention, his family's financial hardships in the United States, and his lack of family in

Cuba. (*See* Docket No. 4 at 6-7). These facts are not enough to shift the burden to the Respondents. *See De Armas*, 2026 WL 1815864, at *4.

As such, because Petitioner has not met his burden under *Zadvydas*, the Court must deny his Petition at this time. However, "[t]he dismissal on this ground is without prejudice in the event that [Petitioner] is able to show good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *See Romero-Roblejo v. McShane*, No. 3:26-CV-810, 2026 WL 1500973, at *3 (W.D. Pa. May 29, 2026); *see also Wu v. Lyons*, No. 4:26-CV-00665, 2026 WL 1134870, at *2 (M.D. Pa. Apr. 27, 2026). Namely, as the Petitioner's detention lengthens, "the 'reasonably foreseeable future' time of removal shrinks." (*Id.*).

For all of these reasons,

IT IS HEREBY ORDERED that the Petition [4] is DENIED, without prejudice. An appropriate Judgment follows.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer, Senior U.S. District Judge

Dated: July 21, 2026

cc/ecf: All counsel of record.

cc:    ROBERTO ESTRADA JIMENEZ
A# 246-167-594
Moshannon Valley Processing Center
555 Geo Drive
Philipsburg, PA 16866
(via first class mail)